# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) **Case No.** 18-24151-GLT |
| Restland Memorial Parks, Inc., | ) |
| **Debtor,** | ) **Chapter** 11 |
| Restland Memorial Parks, Inc., | ) |
| **Movant,** | ) **Hearing Date:** 08/20/20 @ 10:30 a.m. |
| vs. | ) |
| First Commonwealth Bank; | ) **Response Due:** 08/07/20 |
| Maiello Brungo Maiello, LLP; | ) |
| William J. Howard and Barbara Howard; | ) **Document No.** |
| United States of America, Internal | ) |
| Revenue Service; | ) |
| Commonwealth of Pennsylvania, | ) |
| Department of Revenue; | ) |
| County of Allegheny; | ) |
| Gateway School District; | ) |
| Municipality of Monroeville, | ) |
| **Respondents.** | ) |

## MOTION TO SELL RIGHT TO BE INTERRED IN
## 500 SPECIFIED BURIAL PLOTS

**AND NOW**, comes the Debtor, Restland Memorial Parks, Inc., by and through its counsel, Calaiaro Valencik and Donald R. Calaiaro, moves this Court for an Order (a) approving the sale of the right to be interred in 500 specified burial plots to the Muslim Community Center of Greater Pittsburgh for the purchase price of $100,000.00, or to any bidder with a higher and better offer; (b) divesting any liens, encumbrances, and or claims of any or all Respondents that impair the interests sold; (c) authorizing the settlement officer (i) to pay $5,000.00 of the purchase price to Calaiaro Valencik towards legal fees plus reimbursement for all costs of mailing, copying, and advertising, (ii) reimbursing the Debtor for the costs of surveying and pinning the 500 burial plots, and (iii) to escrow any remaining balance to be used towards payment and confirmation of the Debtor's chapter 11 Plan; and (d) granting any other relief necessary.

1. Restland Memorial Park, Inc. ("Restland" and "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Pennsylvania on October 24, 2018.

## JURISDICTION & VENUE

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), and (N).

3. Venue of this proceeding and matter are proper in this district pursuant to 28 U.S.C. §§ 1408, 1409.

4. The statutory predicates for relief requested herein are sections 363(b) and (f) and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

5. Restland is the debtor-in-possession and has the rights and authority to bring forth this Motion pursuant to sections 1107 and 1108 of the Bankruptcy Code.

## FACTUAL BACKGROUND

6. The Debtor operates two cemeteries.

7. Among the assets of the estate is the Debtor's rights to sell the right to be interred in several burial plots in the cemeteries. The Debtor sells the right to be buried in specified burial plots to the general public. The sale does not involve the transfer of ownership of any real estate interest.

8. These interment rights are part of the bankruptcy pursuant to 11 U.S.C. § 541.

9. This sale is not a sale of a real property interest.

10. The operation of a cemetery allows the Debtor to sell the right to be interred to its customers in the ordinary course of business. Since this is a sale of 500 burial rights to specific plots, it is not a sale in the ordinary course of business and therefore the Debtor is seeking this Court's approval.

11. The Debtor has agreed to sell the rights to be interred to 500 spaces located at 990 Patton Street Ext., Monroeville, PA 15146-4635, within defined Parcel #544-H-128, as located on the map attached to the Sales Agreement, to the Muslim Community Center of Greater Pittsburgh ("MCCGP"), a religious non-profit organization for the purchase price of $100,000.00. A copy of the contract is attached hereto and marked as **Exhibit "A"**.

12. MCCGP paid a good faith earnest money deposit of $10,000.00. The earnest money was delivered to Calaiaro Valencik, as Counsel for the Debtor, and deposited into their IOLTA Trust Fund account until closing. This payment is non-refundable unless the sale is not approved by the Court.

13. MCCGP will pay an additional $50,000.00 upon the approval of the sale by the Court. This payment shall be made at or immediately after the hearing on the approval of the sale.

14. Upon the payment of the first $60,000.00, MCCGP is entitled to cemetery interment rights in 300 designated burial spaces in the designated Muslim section.

15. The remaining $40,000.00 shall be paid in full within one (1) year of the execution of the Sales Agreement. MCCGP will make ten (10) equal payments of $4,000.00 commencing on the 30th day after the approval of the settlement.

16. After each monthly payment, MCCGP will be entitled to additional cemetery interment rights in 20 designated burial spaces until the entire purchase price is paid.

17. In the event of a default on the monthly payments, Restland is entitled to charge a late penalty at a rate of 2.5% of the delinquent amount.

18. Other terms of the sale included:

    a. MCCGP, or a designee, shall pay Restland an additional $900.00 for the opening and closing of each burial plot purchased pursuant to the Sales Agreement for the first five (5) years. Thereafter, Restland may renegotiate or charge its prevailing price for the service. An additional fee of $300.00 per opening and closing will be added on Saturday and/or Sunday internments.

    b. MCCGP is granted the right of first refusal to purchase the right to be interred in an additional 1,500 burial lots within the 2 acre land to be set aside and designated as a Muslim section. Said 1,500 right to internments can be purchased in parcels as the Parties agree. At any time after the first five (5) years, additional terms of purchase, including purchase price and terms of payment, amongst any other terms, are to be agreed by the Parties when the right of first refusal is exercised.

    c. Restland shall survey and pin the 500 burial plots at its own expense.

    d. Restland shall erect a marker indicating that the 500 lots are a segregated space for people who practice the Islamic religion.

    e. MCCGP shall not purchase and erect any decoration, religious adornment or improvement or any signs without prior approval of Restland and all

decorations, religious adornments or improvement or any signs erected by MCCGP are subject to the rules and regulations of the cemetery.

19. The sale is in the best interest of all parties since it will help the Debtor to fund the Chapter 11 Reorganization Plan.

20. The following creditors have been named as Respondents herein, are as follows:

a. **First Commonwealth Bank.** First Commonwealth Bank holds a first mortgage on the Properties owned by the Debtor. The mortgage was recorded with the Department of Real Estate of Allegheny County, Pennsylvania on June 24, 2005, at Instrument No. 2005-73834. First Commonwealth Bank has first lien priority by virtue of its mortgage lien on the Debtor's properties. First Commonwealth Bank filed Proof of Claim #16 in the amount of **$153,783.33.**

b. **Maiello Brungo Maiello** who holds mortgage against the Properties owned by the Debtor. Maiello Brungo Maiello is a secured creditor of the Debtor by virtue of a Mortgage executed by Debtor in favor of Maiello Brungo Maiello granting it a mortgage lien on certain real estate properties known as 990 Patton Street Extension, Monroeville, Pennsylvania 15146. This loan was executed on January 4, 2017. It filed Proof of Claim # 2 in the amount of **$6,837.00**.

c. **William J. Howard and Barbara Howard** (the "Howards"). The Howards is a secured creditor of the Debtor by virtue of a Mortgage executed by the Debtor in favor of the Howards granting them a mortgage lien on certain real estate properties known as 2026 Lincoln Road, Verona, Pennsylvania 15147, Parcel No. 229-J-177; 990 Patton Street Extension, Monroeville, Pennsylvania

15146, Parcel No. 544-H-128; Wilmerding Road, Monroeville, Pennsylvania, 15146, Parcel No. 544-H-128-1; 990 Patton Street, Monroeville, Pennsylvania 15146, Parcel No. 544-H-126; and Wilmerding Road, Monroeville, Pennsylvania 15146, Parcel No. 544-H-216-1. The Promissory Note securing the payment of the mortgage was executed on or about April 3, 2017. The Howards filed Proof of Claim #7 in the amount of **$135,190.76**.

    d.    **The United States of America, Internal Revenue Service** (the "IRS"). The IRS is a creditor with a secured claim of $16,666.39 and an administrative priority claim of $154,881.14. The IRS filed Proofs of Claim #3 and #15.

    e.    **The Commonwealth of Pennsylvania, Department of Revenue** (the "PA DOR"). The PA DOR is a creditor with a secured claim of $9,202.11. The PA DOR filed Proof of Claim #1.

    f.    **County of Allegheny**. The County of Allegheny is a creditor with a secured claim of $1,242.58. County of Allegheny filed Proof of Claim #4 for unpaid real estate taxes.

    g.    **Gateway School District**. Gateway School District is a creditor with a secured claim of $6,671.27. Gateway School District filed Proof of Claim #13 for unpaid real estate taxes.

    h.    **Municipality of Monroeville** Although no proof of claim has been filed on behalf of the Municipality of Monroeville, the Debtor is believed it is entitled to notice of this Motion in the event that any real estate taxes are owed. The Debtor reserves all rights related to any potential claim to Monroeville.

21. Section 363(c)(1) of the Bankruptcy Code provides that a debtor-in-possession may sell property of the estate "other than in the ordinary course of business" after notice and a hearing. 11 U.S.C. § 363(b)(1). Courts have recognized that insurance policies are property of the debtor's estate, which may be sold with court approval under section 363 of the Bankruptcy Code. See, e.g., MacArthur Co. v. Johns-Manville Corp. (In re Johns-Manville Corp.), 837 F.2d 89, 92-93 (2d Cir. 1988) (because numerous courts have determined that a debtor's insurance policies are property of the estate, court authorized a settlement of the debtor's insurance coverage claims pursuant to the court's authority to approve the sale of the debtor's property); Estate of Lellock v. Prudential Ins. Co., 811 F.2d 186, 189 (3d Cir. 1987) (same).

22. A debtor's sale of property outside the normal course should be authorized pursuant to section 363 of the Bankruptcy Code as long as a sound business purpose exists for doing so. See, e.g., In re Schipper, 933 F. 2d 513, 515 (7th Cir. 1991); Stephens Indus., Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1989); In re Lionel Corp., 722 F.2d 1063, 1070-71 (2d Cir. 1983). The Debtor's sale of the interment rights is an integral component of the Debtor's Plan. Payment of the settlement proceeds is integral to the success of this Chapter 11 Case and the fair and efficient administration of Claims by the substantial payment of the IRS administrative claim. Accordingly, a sound business purpose exists for the sale of the interment rights.

23. Section 363(f) of the Bankruptcy Code provides that the debtor-in-possession may sell property "free and clear of any interest in such property of an entity other than the estate" if at least one of the following conditions is satisfied: (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such

entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f)(1)-(5). Section 363(f) authorizes a sale free and clear of "interests," not merely liens, and thus permits a sale of property free and clear of all claims and interests of any entity that "are derivative of the debtor's rights in that property." In re Dow Corning Corp., 198 B.R. 214, 244 (Bankr. E.D. Mich. 1996).

24. The interment rights may be sold free and clear of all liens, encumbrances, and other interests of any entity pursuant to sections 363(f)(2), (f)(4) or (f)(5) of the Bankruptcy Code.

25. The sale is an "**As-Is**" and "**Where-Is**" sale.

26. This sale must be a judicial sale, free and clear of all liens and encumbrances against the Debtor.

27. In order to convey good title, it will be necessary that all these interests, mortgages, claims, and encumbrances be divested as liens against the burial plots and the right to be interred.

28. The Debtor reserves the right to challenge the validity of any lien or claim at the time of distribution if there are proceeds of sale.

29. This sale is to a "bona fide" purchaser in accordance with the holding of In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d.Cir.1986).

30. The Debtor will serve a copy of the notice of sale on all creditors.

31. The Debtor will have complied with all rules regarding notice and advertising prior to a hearing on the sale.

32. The Estate will accept higher and better offers at the time of sale. Any bidder will post a deposit of $10,000.00 in certified funds and will be able to close the sale within thirty (30) days of the Order being entered.

**WHEREFORE**, the Debtor respectfully requests this Honorable Court to approve the sale of the right to be interred in 500 specified burial plots located at 990 Patton Street Ext., Monroeville, PA 15146-4635, within defined Parcel #544-H-128, as located on the map attached to the Sales Agreement, to the Muslim Community Center of Greater Pittsburgh (MCCGP), a religious non-profit organization, for the purchase price of $100,000.00, or any higher and better bidder. The Movant further requests this Honorable Court enter an Order of Court as follows:

(A) The liens and encumbrances and or claims of all Respondents are divested. The Buyer shall take, pursuant to this sale, free and clear of all liens and encumbrances and that all the interests and liens will be divested completely if no proceeds in excess of the indebtedness and administrative expenses are received.

(B) The Court authorizes this settlement and transfer of interest in property under a sale in order to enable the Debtor to fund a Plan.

(C) The Court otherwise approves the settlement and transfer in accordance with the motion and agreement.

(D) The settlement officer authorized to pay the following:

1. $5,000.00 to Calaiaro Valencik towards legal fees plus reimbursement for all costs of mailing, copying, and advertising;

2. The Debtor is authorized to be reimbursed for the costs of surveying the 500 burial spaces at closing;

3. Any remaining escrow balance will be sent to Calaiaro Valencik pending the confirmation of a Chapter 11 Plan or Order authorizing distribution of any part of the proceeds.

(E)   Granting any other such necessary relief.

**Respectfully submitted,**

**Dated:** July 24, 2020

**BY**: /s/ Donald R. Calaiaro
**Donald R. Calaiaro, PA I.D. #27538**
**dcalaiaro@c-vlaw.com**

**CALAIARO VALENCIK**
**938 Penn Avenue, Suite 501**
**Pittsburgh, PA  15222-3708**
**(412) 232-0930**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) **Case No.** 18-24151-GLT |
| Restland Memorial Parks, Inc., | ) |
| **Debtor,** | ) **Chapter** 11 |
| Restland Memorial Parks, Inc., | ) |
| **Movant,** | ) **Hearing Date:** 08/20/20 @ 10:30 a.m. |
| vs. | ) |
| First Commonwealth Bank; | ) **Response Due:** 08/07/20 |
| Maiello Brungo Maiello; | ) |
| William J. Howard and Barbara Howard; | ) **Document No.** |
| United States of America, Internal | ) |
| Revenue Service; | ) |
| Commonwealth of Pennsylvania, | ) |
| Department of Revenue; | ) |
| County of Allegheny; | ) |
| Gateway School District; | ) |
| Municipality of Monroeville, | ) |
| **Respondents.** | ) |

## CERTIFICATE OF SERVICE OF MOTION TO SELL
## RIGHT TO BE INTERRED IN 500 SPECIFIED BURIAL PLOTS

I certify under penalty of perjury that I served the above captioned pleading on the parties at the addresses specified below or on the attached list on July 24, 2020.

**Service by NEF**:
Gary W. Darr on behalf of Creditor First Commonwealth Bank; gdarr@lenderlaw.com
Jennifer L. Cerce on behalf of Creditor Maiello Brungo & Maiello, LLP; jlc@mbm-law.net
J. Michael Baggett on behalf of Creditor William J. & Barbara Howard; BAGGETTMJ@aol.com
Jill Locnikar on behalf of Creditor United States of America Department of the Treasury, Internal Revenue Service; jill.locnikar@usdoj.gov, patricia.fitzgerald@usdoj.gov;caseview.ecf@usdoj.gov
Melissa Lou Van Eck on behalf of Creditor Commonwealth of Pennsylvania, Department of Revenue, Bureau of Compliance; mvaneck@attorneygeneral.gov
Jenna Anne Ratica on behalf of Creditor Office of Attorney General, Pennsylvania Department of Revenue; jratica@attorneygeneral.gov
Jeffrey R. Hunt on behalf of Creditor County of Allegheny; jhunt@grblaw.com, cnoroski@grblaw.com
Laura McCurdy on behalf of Creditor Gateway School District C/O Weiss Burkardt Kramer LLC csilliman@wbklegal.com, jburkardt@wbklegal.com
Larry E. Wahlquist on behalf of U.S. Trustee Office of the United States Trustee; larry.e.wahlquist@usdoj.gov

**Service by E-mail**:
Anthony Kovalchick on behalf of Creditor Office of Attorney General Department of Revenue; akovalchick@attorneygeneral.gov

**Service by First-Class Mail**:
Municipality of Monroeville, Tax Office, 2700 Monroeville Blvd. 1st Fl., Monroeville, PA 15146
Muslin Community Center of Great Pittsburgh, 233 Seaman Lane, Monroeville, PA 15146
United States of America, Internal Revenue Service, 1000 Liberty Avenue, Rm 711B, Pittsburgh, PA 15222
The Attorney General of the United States, Civil Division, Bankruptcy Section, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530
The Honorable Josh Shapiro, PA Attorney General, 16th Floor Strawberry Square, Harrisburg, PA 17120
United States Attorney's Office, Western District of Pennsylvania, Joseph F. Weis, Jr. United States Courthouse, 700 Grant Street, Suite 4000, Pittsburgh, PA 15219
Internal Revenue Service, Centralized Insolvency Operation, P.O. Box 7346, Philadelphia, PA 19101-7346

The type(s) of service made on the parties (first-class mail, electronic notification, hand delivery, or another type of service) was: First-Class Mail or Electronic Notification.

If more than one method of service was employed, this certificate of service groups the parties by the type of service. For example, the names and addresses of parties served by electronic notice will be listed under the heading "Service by Electronic Notification," and those served by mail will be listed under the heading "Service by First-Class Mail."

EXECUTED ON: July 24, 2020      /s/ Donald R. Calaiaro
**Donald R. Calaiaro, PA I.D. #27538**
**dcalaiaro@c-vlaw.com**

**CALAIARO VALENCIK**
**938 Penn Avenue, Suite 501**
**Pittsburgh, PA  15222-3708**
**(412) 232-0930**