## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) **Case No.** 18-24151-GLT |
| Restland Memorial Parks, Inc., | ) |
| **Debtor,** | ) **Chapter** 11 |
| Restland Memorial Parks, Inc., | ) |
| **Movant,** | ) **Hearing Date:** 08/20/20 @ 10:30 a.m. |
| **vs.** | ) |
| First Commonwealth Bank; | ) **Response Due:** 08/07/20 |
| Maiello Brungo Maiello, LLP; | ) |
| William J. Howard and Barbara Howard; | ) **Document No.** |
| United States of America, Internal | ) |
| Revenue Service; | ) |
| Commonwealth of Pennsylvania, | ) |
| Department of Revenue; | ) |
| County of Allegheny; | ) |
| Gateway School District; | ) |
| Municipality of Monroeville, | ) |
| **Respondents.** | ) |

### ORDER CONFIRMING SALE OF INTERMENT RIGHTS FREE AND DIVESTED OF LIENS

     **AND NOW**, this __ day of _____, 2020, on consideration of the (Party) *Motion to Sell Right to be Interred in 500 Specified Burial Plots*, filed at Document No. __, to Muslin Community Center of Great Pittsburgh, 233 Seaman Lane, Monroeville, PA 15146 for $100,000.00, after a telephonic hearing this date, the Court finds:

     (1) That service of the Notice of Hearing and Order setting hearing on said Motion for private sale of internment rights free and divested of any liens of the above named Respondents, was effected on the following secured creditors whose liens are recited in said Motion for private sale, viz:

| **DATE OF SERVICE** | **NAME OF LIENOR AND SECURITY** |
|---|---|
| *(actual date of each service for each creditor)* | *(Identify full name of each creditor in separate paragraphs with specifics of each claim, including filing information)* |
| July 24, 2020 | First Commonwealth Bank |
| | Gary W. Darr, Esquire |
| | McGrath McCall, P.C. |
| | Four Gateway Center, Suite 1040 |
| | 444 Liberty Avenue |
| | Pittsburgh, PA  15222 |
| | *(mortgage lien; POC #16)* |

July 24, 2020

Maiello Brungo Maiello, LLP
Jennifer L. Cerce, Esquire
Southside Works
424 S. 27th Street, Suite 210
Pittsburgh, PA  15203
*(mortgage lien; POC #2)*

July 24, 2020

William J. and Barbara Howard
J. Michael Baggett, Esquire
11 Stanwix Street, Suite 1030
Pittsburgh, PA  15222
*(mortgage lien; POC #7)*

July 24, 2020

Internal Revenue Service
Jill Locnikar, Esquire
U.S. Attorney's Office
700 Grant Street, Suite 4000
Pittsburgh, PA  15219
*(secured claim and administrative priority claim; POC #3 and #15)*

July 24, 2020

Commonwealth of Pennsylvania,
Department of Revenue
Jenna Anne Ratica, Esquire
Strawberry Square, 15th Floor
Harrisburg, PA  17120
*(secured claim; POC #1)*

July 24, 2020

County of Allegheny
Jeffrey R. Hunt, Esquire
Goehring, Rutter & Boehm
437 Grant Street, 14th Floor
Pittsburgh, PA  15219-6107
*(secured claim; POC #4)*

July 24, 2020

Gateway School District
Laura McCurdy, Esquire
Weiss Burkardt Kramer, LLC
445 Fort Pitt Blvd., Suite 503
Pittsburgh, PA  15219
*(secured claim; POC #13)*

July 24, 2020

Municipality of Monroeville
Tax Office
2700 Monroeville Blvd. 1st Fl.
Monroeville, PA 15146
*(possible real estate taxes)*

(2) That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of serviced duly filed and that the named parties were duly served with the Motion/Complaint.

(3) That said sale hearing was duly advertised on the Court's website pursuant to *W. PA LBR 6004-1(c)(2)* on _____(Date), in_____ (Newspaper) on _____(Date) and in the _____(Legal Journal) on _____ (Date) , as shown by the Proof of Publications duly filed.

(4) That at the sale hearing the highest/best offer received was that of the above Purchaser(s) and no objections to the sale were made which would result in cancellation of said sale.

(5) That the price of $100,000.00 offered by Muslin Community Center of Great Pittsburgh was a full and fair price for the property in question.

(6) That the Purchaser(s) has acted in good faith with respect to the within sale in accordance with In re *Abbotts Dairies of Pennsylvania, Inc.,* 788 F2d. 143 (3d Cir. 1986).

**NOW THEREFORE**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the sale of the right to be interred in specific burial lots, within the described parcel, Parcel #544-H-128, is hereby **CONFIRMED** to Muslin Community Center of Great Pittsburgh, 233 Seaman Lane, Monroeville, PA 15146 for $100,000.00, free and divested of the above recited liens and claims, and, that the Movant/Plaintiff is authorized to make, execute and deliver to the Purchaser(s) above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

It is **FURTHER ORDERED**, that the above recited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

It is **FURTHER ORDERED**, that the following expenses/costs shall immediately be paid at the time of closing. Failure of the Closing Agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions, including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order. Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

(1) The following lien(s)/claim(s) and amounts:
(2) The costs of local newspaper advertising in the amount of $_____;
(3) The costs of legal journal advertising in the amount of $_____;
(4) Court approved attorney fees in the amount of $5,000.00;
(5) The balance of funds realized from the within sale shall be held by the Attorney for the Movant/Plaintiff until further Order of Court, after notice and hearing; and,

(9) Other:

It is **FURTHER ORDERED** that:

(1)     ***Within seven (7) days of the date of this Order***, the Movant shall serve a copy of the within Order on each Respondent (i.e., each party against whom relief is sought)and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtor, the Closing Agent, the Purchaser, and the attorney for the Purchaser, if any, and file a certificate of service.

(2)     ***Closing shall occur within thirty (30) days of this Order***.

(3)     ***Within seven (7) days following closing***, the Movant shall file a ***Report of Sale*** which shall include a copy of the Settlement Statement; and,

(1)     This Sale Confirmation Order survives any dismissal or conversion of the within case.

_____
Honorable Gregory L. Taddonio
United States Bankruptcy Court