IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | * |
| | * Case No. 18-24151-GTL |
| RESTLAND MEMORIAL PARKS, INC., | * |
| | * Chapter 11 |
| Debtor. | * |
| | * |
| ***************************************** | * |
| RESTLAND MEMORIAL PARKS, INC., | * Related to Document Nos. 274 and |
| | * 275 |
| Movant, | * |
| | * Hearing Date: August 20, 2020 |
| v. | *              at 10:30 a.m. |
| | * |
| FIRST COMMONWEALTH BANK, | * |
| | * |
| Respondent. | * |

### FIRST COMMONWEALTH BANK'S OBJECTIONS TO DEBTOR'S MOTION TO SELL RIGHT TO BE INTERRED IN 500 SPECIFIED BURIAL PLOTS

NOW COMES, FIRST COMMONWEALTH BANK ("Respondent"), by its attorneys McGrath McCall, P.C., and files these Objections to Debtor's Motion to Sell Right to be Interred in 500 Specified Burial Plots, and in support thereof avers as follows:

1. This is an action arising pursuant to a case under Title 11 of the United States Code.

2. Respondent is a party-in-interest under the provisions of the United States Bankruptcy Code because Respondent is a secured creditor of Debtor.

**I.     RESPONDENT'S MORTGAGE LOAN**

3. On June 24, 2005, Debtor obtained a loan from Respondent in the original principal amount of $300,065.00 (the "Loan"). The Loan is evidenced by a Promissory Note dated June 24, 2005, executed by Debtor (the "Note"). A true and correct copy of the Note is attached to Respondent's duly filed Proof of Claim (Claim 16-1).

4. On June 24, 2005, as security for payment of the debt evidenced by the Note, Debtor made, executed and delivered to Respondent a Mortgage in the original principal amount of $300,065.00 (the "Mortgage") on the cemetery real property located at 990 Patton Street Extension, Monroeville, PA 15146 and 2026 Lincoln Road, Verona, PA 15147, being Block and Lot Nos. 544-H-216, 544-H-218, and 229-J-177 (the "Real Property") and Debtor's personal property pursuant to the Uniform Commercial Code.

5. The Mortgage was recorded with the Department of Real Estate of Allegheny County, Pennsylvania on June 24, 2005, at Instrument No. 2005-73834. A true and correct copy of the Mortgage is attached to Respondent's duly filed Proof of Claim (Claim 16-1).

6. Respondent's Mortgage is a first priority lien against the Real Property.

7. The Mortgage which Debtor granted to Respondent states that

> "[Debtor] grants, bargains, sells, conveys, assigns, transfers . . . and mortgages to [Respondent] all of [Debtor's] right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed . . . improvements and fixtures . . . **easements**, rights of way, all liberties, **privileges**, tenements, hereditaments, and **appurtenances** thereunto belonging or anywise made appurtenant; . . . and **all other rights,** royalties, and **profits** relating to the real property . . . ."

8. As of August 19, 2019, the amount due and owing Respondent under the Note and Mortgage was as follows:

| | |
|---|---|
| Principal | $119,191.47 |
| Interest to 8/19/19 | $ 25,868.82 |
| Late Charges to 8/19/19 | $   8,723.04 |
| Total | $153,783.33 |

plus interest, late charges, and other amounts as authorized by the Note and Mortgage from August 19, 2019, including reasonable attorney's fees and costs of collection.

## II. DEBTOR'S MOTION TO SELL RIGHT TO BE INTERRED IN 500 SPECIFIED BURIAL PLOTS

9. Debtor's Motion states that Debtor is selling the right to be interred in 500 specified burial plots and that the sale does not involve the transfer of ownership of any interest in real estate.

10. To be clear, Debtor's proposed sale is the sale of 500 burial plots.

11. Pennsylvania's Superior Court has stated that the sale of a burial plot is the conveyance of a privilege, easement, or license to make interments in the lot purchased, exclusive of others, so long as the lot remains a cemetery. The fee simple interest remains in the grantor subject to the grantee's right to the exclusive use of the lot for burial purposes. Petition of First Trinity Evangelical Lutheran Church in City of Pittsburgh, 214 Pa. Super. 185, 192, 251 A.2d 685, 689 (1969).

12. "This has been settled in Pennsylvania as in most other jurisdictions. The purchase of a lot in a cemetery, although under a deed absolute in form and containing words of inheritance, is regarded as conveying only a privilege, easement, or license to make interments in the lot purchased, exclusively of others, so long as the lot remains a cemetery, the fee remaining in the grantor subject

to the grantee's right to the exclusive use of the lot for burial purposes.  Id. at 689 (*Emphasis added)*; Pitcairn v. Homewood Cemetery, 229 Pa. 18, 77 A. 1105 (1910); Craig v. First Presbyterian Church of Pittsburgh, 88 Pa. 42 (1878); Kincaid's Appeal, 66 Pa. 411 (1870); Walter v. Baldwin, 126 Pa.Super. 589, 193 A. 146 (1937); Cedar Hill Cemetery Company v. Lees, 22 Pa.Super. 405 (1903); 14 C.J.S. Cemeteries s 25.

13. "Although courts have given the property interest in a burial space a variety of labels, most of the labels recognize that a burial space is an interest in real property." In re Memorial Estates, Inc., 90 B.R. at 886, 900 (N.D. Ill. (1988).

14. A mortgage executed by a cemetery corporation which covers cemetery premises together with all improvements, tenements, easements, fixtures, and appurtenances thereto belonging *includes* unused burial spaces.  In re Memorial Estates, Inc., 90 B.R. 886 (N.D. Ill. (1988).

15. As set forth above, the Mortgage which Debtor granted to Respondent states that

> "[Debtor] grants, bargains, sells, conveys, assigns, transfers . . . and mortgages to [Respondent] all of [Debtor's] right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed . . . improvements and fixtures . . . **easements**, rights of way, all liberties, **privileges**, tenements, hereditaments, and **appurtenances** thereunto belonging or anywise made appurtenant; . . . and **all other rights,** royalties, and **profits** relating to the real property . . . ."

16. The 500 burial plots which Debtor proposes to sell are subject to Respondent's first priority lien pursuant to the explicit language of the Mortgage and Pennsylvania law.

17. Respondent objects to Debtor's Motion because Respondent's lien will be divested by the sale, but no sale proceeds will be paid directly to Respondent for its first priority lien on the burial plots.

18. The proposed Order of Court approving the sale of the burial plots provides that the sale proceeds will be paid as follows: (i) the costs of local newspaper and legal journal advertising; (ii) court approved attorney fees in the amount of $5,000.00; and (iii) the balance of the funds to be held by the attorney for the debtor until further Order of Court, after further notice and hearing.

19. Respondent Objections to Debtor's Motion and requests that the Court order that the Closing Agent or Debtors' Attorney pay **directly** to Respondent the entire balance of the sale proceeds after payment of (i) the costs of local newspaper and legal journal advertising; and (ii) court approved attorney fees in the amount of $5,000.00.

WHEREFORE, Respondent requests that the Court order the Closing Agent or Debtors' Attorney to pay **directly** to Respondent the entire balance of the sale proceeds after the payment of (i) the costs of local newspaper and legal journal advertising; and (ii) court approved attorney fees in the amount of $5,000.00.

                McGRATH McCALL, P.C.

                By: /s/ Gary W. Darr
                    Gary W. Darr, Esquire
                    PA I.D. No. 90857
                    Four Gateway Center, Suite 1040
                    444 Liberty Avenue
                    Pittsburgh, PA  15222
                    gdarr@lenderlaw.com
                    Telephone (412) 281-4333
                    Facsimile (412) 281-2141

                    Counsel for Respondent,
                    First Commonwealth Bank